<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6108**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

HENRY EARL MILLER,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(6:04-cr-00022-HFF-3)

Submitted:  March 16, 2010          Decided:  March 17, 2010

Before NIEMEYER, MOTZ, and DAVIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Henry Earl Miller, Appellant Pro Se.  Elizabeth Jean Howard,
Assistant United States Attorney, Greenville, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In February 2006, Henry Earl Miller filed in the district court a letter challenging his conviction and 300-month sentence imposed following his guilty plea to armed robbery, using and carrying a firearm during a crime of violence, and aiding and abetting in these offenses. The district court properly characterized this letter as a 28 U.S.C.A. § 2255 (West 2006 & Supp. 2009) motion, and ultimately denied relief. Miller has since filed numerous motions in the district court seeking to reinstate his ability to file a § 2255 motion.

In this appeal, Miller seeks to appeal the district court's text order denying his motions: (1) "to amend the unwarned recharacterized 3-page unlabeled letter;" (2) "for written order setting forth defendant's 'offense conduct' for which he was sentenced and punished under aiding and abetting 18 U.S.C. § 2113(d) [(2006)];" (3) "for written order setting forth defendant's 'offense conduct' for which he was sentenced and punished under aiding and abetting 18 [U.S.C.A.] § 924(c) [(West 2006 & Supp. 2009)];" (4) "for court to honor and uphold the Fifth Amendment's Double Jeopardy Clause;" (5) "to be informed if defendant had not finally plead (sic) guilty to the bogus 18 U.S.C. § 924(c) charges would he still be waiting and rotting in county jail for his jury trial;" (6) "to be informed why this court allowed defendant's counsel David W. Plowden to exit the

2

courtroom during Miller's sentencing proceedings and what purpose did such a stunt serve;" (7) "for clarification of the purpose of 28 U.S.C. § 2241(c)(3) [(2006)]"; (8) "for court to comply with the 4th Circuit Court of Appeals['] instruction to make an appropriate disposition on petitioner's 28 U.S.C. § 2241 motion;" (9) "for leave of court to amend the unwarned recharacterized letter or to file a legally first § 2255 motion on the basis of stare decisis;" (10) "for issuance of a show cause order;" and (11) "for immediate release on the basis of the Double Jeopardy Clause violation."

This order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Miller has not made the requisite showing. Accordingly, we deny Miller's

3

motion for a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED
